UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA ROGERS,

        Plaintiff,                     Case No. 22-cv-11934

v.                                               Paul D. Borman
                                                United States District Judge
MIDLAND CREDIT MANAGEMENT,
INC.,

        Defendant.
_____/

**<u>OPINION AND ORDER (1) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE PURSUANT TO FED. R. CIV. P. 41(b) AND (2) TERMINATING DEFENDANT'S MOTION TO DISMISS (ECF NO. 7) AS MOOT</u>**

Plaintiff Latoya Rogers filed this lawsuit against Defendant Midland Credit Management, Inc. (Midland) pursuant to the Fair Debt Collection Practices Act (FDCPA), and similar state statutes. Plaintiff's claims are based on her allegations that Midland reported her account with a notation of "disputed" after she informed Midland that she no longer disputed the tradeline.

Defendant file a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) in Lieu of an Answer, seeking dismissal of Plaintiff's claims, contending that Plaintiff has not alleged a concrete injury sufficient to establish Article III standing. (ECF No. 7.) This motion has been fully briefed. (ECF Nos. 12, 14.)

1

Shortly after the motion was fully briefed, the Court granted Plaintiff's counsel's motion to withdraw based on the "complete breakdown" of the attorney-client relationship and Plaintiff's failure to respond to her counsel's repeated attempts to communicate with her. (ECF No. 15.) Plaintiff was ordered to obtain a new attorney or to notify the Court that she would represent herself and she was warned that her failure to do so would result in the recommendation that her complaint be dismissed for failure to prosecute. Plaintiff has failed to obtain new counsel or otherwise communicate with the Court.

The Court does not believe that oral argument will aid in its disposition of this matter; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

For the reasons set forth below, Plaintiff's Complaint is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), and Defendant's Motion to Dismiss is terminated as moot.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Background

Plaintiff alleges that Defendant Midland is attempting to collect a consumer-type debt owed by Plaintiff to a third party in the amount of $1,307.00, and that Defendant reported the collection item as "disputed" on Plaintiff's credit disclosures

obtained on June 5 and 9, 2022. (ECF No. 1, Compl. ¶¶ 7-8, 10-11.) Plaintiff's pleadings do not explain the basis of the dispute or to whom she initially reported the dispute.

Plaintiff asserts that she now, however, "no longer disputes the collection item," and that on or about June 29, 2022, Plaintiff's counsel sent, on behalf of Plaintiff, a letter to Defendant stating that "the collection item is inaccurate and ask[ing] [Defendant] to remove the dispute comment from the collection item." (*Id.* ¶¶ 9, 12.) Plaintiff alleges that Defendant received the letter on July 1, 2022. (*Id.* ¶ 13.)

Plaintiff subsequently obtained her credit disclosures from three credit reporting agencies on August 8 and 9, 2022, which showed that Defendant had reported its tradeline to the credit bureaus after it received Plaintiff's counsel's letter, but that it continued to report Plaintiff's account as "disputed." (*Id.* ¶¶ 14-15.)

Plaintiff alleges in her Complaint that Defendant's "failure to remove the inaccurate dispute remark makes the tradeline false and misleading to any user of the credit report," and "damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing the same, as no conventional lender will grant a mortgage based on any credit reports that have any tradelines reported as disputed." (*Id.* ¶ 16.) She claims that "[m]ortgage rates are now at historic lows" and that she

3

"cannot participate in this market, due to Defendant's failure to remove the dispute comment." (*Id.* ¶ 17.) She alleges she "experienced stress, anxiety, depression, nervousness, anger, frustration, panic attacks, crying spells, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, pain, headache, nausea, nightmares, loss of hair, chest pains, dizziness, and stomach problems," and that she "experienced an inability to get a housing loan." (*Id.* ¶ 20.)

### B.     Procedural History

On August 18, 2022, Plaintiff filed this action against Defendant Midland, asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Michigan Collection Practices Act (MCPA), Mich. Comp. Laws § 445.251 *et seq.*, and the Michigan Occupational Code (MOC), Mich. Comp. Laws § 339.901 *et seq.* (ECF No. 1, Compl.) Plaintiff specifically alleges the following provisions of the FDCPA were violated:

> 25. Defendant's foregoing acts in attempting to collect this collection item violated 15 U.S.C. § 1692e:
>
>     a. 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and
>
>     b. 15 U.S.C. § 1692e(8) [by] reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute

>  notation from the collection item after being asked to do so by Plaintiff.

(*Id.* ¶ 25.) Plaintiff also alleges that these acts "in attempting to collect this alleged debt" violated the MOC and MCPA. (*Id.* ¶¶ 26-37.)

On December 9, 2022, Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) in lieu of an answer. (ECF No. 7, Def.'s Mot.) Defendant argues that Plaintiff's Complaint should be dismissed because, even if Defendant failed to accurately report Plaintiff's tradeline, Plaintiff suffered no cognizable injury because of the alleged statutory violation sufficient to confer Article III standing. Defendant argues that Plaintiff's Complaint only contains general allegations of a bare statutory violation, intangible harm, and risk of future harm, but is devoid of factual allegations demonstrating Article III standing.

Plaintiff filed a Response in opposition to Defendant's motion on December 30, 2022 (ECF No. 12, Pl.'s Resp.), and Defendant filed a Reply brief in support of its motion on January 10, 2023 (ECF No. 14, Def.'s Reply).

Significantly, on December 14, 2022, five days after Defendant filed its Motion to Dismiss, Plaintiff's counsel, Carl Schwartz, filed a Motion for Withdrawal of Attorney. (ECF No. 8.) Mr. Schwartz argued that "Plaintiff and her counsel have experienced a complete breakdown in their relationship that it is not possible for Mr. Schwartz to continue to represent Plaintiff in this matter." (*Id.* PageID.62.) Mr.

5

Schwartz specified that "Plaintiff has not responded to Mr. Schwartz's (or his staff's) repeated attempts to communicate with her" and that he "cannot represent [her] if [she] does not communicate with her counsel." (*Id.*) This motion was referred to Magistrate Judge Elizabeth A. Stafford for a hearing and determination. (ECF No. 9.)

Magistrate Judge Stafford scheduled the Motion for Withdrawal of Attorney for a hearing, and Plaintiff's counsel filed a certificate of service that it served Plaintiff with the notice of the hearing by first class mail and email. (ECF No. 13.) Mr. Schwartz appeared at the scheduled January 13, 2023, hearing, but Plaintiff failed to appear, and, following the hearing, Magistrate Judge Stafford entered an Order granting the motion for withdrawal of attorney Carl Schwartz, and ordering Mr. Schwartz to serve a copy of that Order on Plaintiff. (ECF No. 15.) That January 13, 2023, Order stated that "[a] new attorney must appear for Rogers, or she must notify the Court that she will represent herself, by February 24, 2023," and it expressly warned Plaintiff that "[i]f no new attorney appears or she fails to file a notice by that date, the Court will recommend that her complaint be dismissed for failure to prosecute or for the reasons stated in defendant's motion to dismiss[.]" (*Id.* PageID.99.) Mr. Schwartz filed a certificate of service representing that he served the Order on Plaintiff by first class mail and email. (ECF No. 16.)

6

To date, May 30, 2023, a new attorney has not appeared for Plaintiff, and she has failed to file a notice with the Court that she will represent herself.

## II.  LEGAL STANDARD

If a plaintiff fails to prosecute an action, it can be dismissed either under the Court's inherent power to control its docket or involuntarily under Federal Rule of Civil Procedure 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-632 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). In addition, this Court's local rules provide that when "the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing ... the case unless good cause is shown." E.D. Mich. L.R. 41.2. Dismissal for want of prosecution is ordinarily with prejudice. Fed. R. Civ. P. 41(b) (stating dismissal under the Rule "operates as an adjudication on the merits"); *Stelts v. Univ. Emergency Specialists, Inc.*, 20 F. App'x 448, 449 (6th Cir. 2001) (citing *Proctor v.*

7

*Millar Elevator Serv. Co.*, 8 F.3d 824, 825-26 (D.C. Cir. 1993) (dismissals under Rule 41(b) are with prejudice unless the district court's order states otherwise)).

The Sixth Circuit Court of Appeals has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

### III. ANALYSIS

On January 13, 2023, Magistrate Judge Stafford entered an Order granting Plaintiff's attorney Carl Schwartz's motion to withdraw as counsel for Plaintiff because of a "complete breakdown" in the attorney client relationship because Plaintiff failed to respond to repeated attempts to communicate with Mr. Schwartz and his staff. (ECF No. 15.) The Court further ordered that "[a] new attorney must appear for Rogers, or she must notify the Court that she will represent herself, by February 24, 2023," and "[i]f no new attorney appears or she fails to file a notice by that date, the Court will recommend that her complaint be dismissed for failure to prosecute or for the reasons stated in defendant's motion to dismiss[.]" (*Id.*

8

PageID.99.) To date, May 30, 2023, a new attorney has not appeared for Plaintiff, and she has failed to file a notice with this Court that she will represent herself or to otherwise communicate with the Court.

Although Plaintiff is now proceeding pro se, and thus is held to less stringent standards, the leniency granted is not boundless. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "[P]ro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Bunting v. Hansen*, No. 05-10116-BC, 2007 WL 1582236 (E.D. Mich. May 31, 2007) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)); *see also Branham v. Micro Computer Analysts*, 350 F. App'x 35, 38 (6th Cir. 2009) ("[F]ederal courts 'have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'") (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

As stated above, the Court should consider four factors for guidance when deciding whether a case should be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered

9

before dismissal was ordered." *Knoll*, 176 F.3d at 363. Analysis of these four *Knoll* factors supports dismissal in this case.

For the first factor – whether the party's failure is due to willfulness, bad faith, or fault – the Court notes that Plaintiff failed to respond to her attorney's numerous attempts to reach her, failed to attend the hearing on her attorney's motion to withdraw as counsel, and she has failed to respond to the Court's January 13, 2023, Order, or explain to the Court her inability to do so, despite the Court clearly warning her that her failure to respond by February 24, 2023, would result in the Court recommending that her Complaint be dismissed for failure to prosecute. This conduct "shows willfulness and fault in that [Plaintiff] was at best extremely dilatory in not pursuing [her] claim[s], which indicates an intention to let [her] case lapse." *Shafer*, 529 F.3d at 739; *see also Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (stating that when a plaintiff "display[s] … a reckless disregard for the effect of his conduct on th[e] proceedings," the first factor favors dismissal) (cleaned up). Thus, the first *Knoll* factor favors dismissal in this case.

As to the second factor – whether the adversary was prejudiced by the dismissed party's conduct – the Court finds that Defendant would be prejudiced by this litigation being stalled, and Plaintiff continuing to remain unresponsive to any attempts to prosecute this litigation. "A protracted lawsuit ties up the defendant's

time and prolongs the uncertainty and anxiety that are often the principal costs of being sued. Delay may also make it more difficult to mount an effective defense." *Ball v. City of Chicago*, 2 F.3d 752, 759 (7th Cir. 1993). Plaintiff's former counsel, Carl Schwartz, asserted in his motion to withdraw that Plaintiff has not responded to his or his staff's repeated attempts to communicate with her – just as Plaintiff did not respond to the Court's January 13, 2023, Order. (ECF No. 8, PageID.62.) Plaintiff failed to appear at the hearing on her counsel's motion to withdraw, and she also failed to respond to the Court's January Order. There is no indication that Defendant or the Court will be able to achieve any cooperation from Plaintiff in this case at all, and it is her burden to prosecute this case. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (explaining that the "waste [of] time, money, and effort" on the part of the requesting party can constitute prejudice). Thus, the second factor clearly favors dismissal.

Turning to the third *Knoll* factor – whether the dismissed party was warned that failure to cooperate could lead to dismissal – the Court plainly warned Plaintiff that "[i]f no new attorney appears or she fails to file a notice by [February 24, 2023], **the Court will recommend that her complaint be dismissed for failure to prosecute or for the reasons stated in defendant's motion to dismiss[.]**" (ECF No. 15, Order, PageID.99 (emphasis added).). Thus, this factor is readily met.

11

The final factor in determining failure to prosecute is whether this Court considered other lesser sanctions before dismissal. The Sixth Circuit, however, has "never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available sanctions." *Shafer*, 529 F.3d at 738. Where, as here, "a pro se plaintiff has 'failed to adhere to readily comprehended court deadlines of which he [is] well-aware,' [dismissal for failure to prosecute] is appropriate." *Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (quoting *Jourdan*, 951 F.2d at 110). Here, the Court finds that other lesser sanctions would be futile because Plaintiff (1) failed to respond to her counsel's repeated attempts to communicate with her, (2) failed to respond to the notice of hearing on her counsel's motion to withdraw, and (3) failed to respond to the Court's order to obtain new counsel or notify the Court that she would be representing herself. Plaintiff's failure to substantively participate in this case suggests the futility of imposing lesser sanctions.

Under these circumstances, the Court finds that dismissal with prejudice is the only appropriate remedy because Plaintiff has effectively abandoned the case.

The Court further terminates Defendant's motion to dismiss (ECF No. 7) as moot.

## IV. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE** for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

The Court **FURTHER TERMINATES** Defendant's motion to dismiss **AS MOOT**.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: May 30, 2023